Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Whether a constable may charge the Industrial Accident Board fees for serving subpoenas issued in connection with administrative hearings
Dear Mr. Driscoll:
You have requested our opinion as to whether a constable may `charge the Industrial Accident Board fees for serving subpoenas issued by the board in connection with its administrative hearings.'
The board or any member is authorized to subpoena witnesses, article 8307, section 4, V.T.C.S., and constables are empowered to `execute and return . . . all process, warrants and precepts' directed to them `by any lawful officer,' article 6885, V.T.C.S.
In Attorney General Opinion MW-209 (1980), this office held that sheriffs and constables are not entitled to receive fees from the Industrial Accident Board for serving subpoenas issued by the board. That opinion was based on article 3933a, V.T.C.S., which established a fee schedule for sheriffs and constables and provided, in pertinent part:
 For each person, corporation or legal entity on whom service of citation, subpoena, summons, or process not otherwise provided for, is performed or attempted and return made, including mileage, if any, a fee of:
(a) Small Claims Courts $ 5.00
(b) Justice Courts 8.00
(c) All other Courts 10.00
The opinion reasoned that, since it had been consistently held that an administrative agency is not a `court,' and since statutes are strictly construed against allowing a fee by implication, a sheriff or constable was not entitled to a fee for serving subpoenas issued by the board.
Article 3933a was repealed in 1981. Acts 1981, 67th Leg., ch. 379, at 1001, § 2(b). Article 3926a, V.T.C.S., now provides:
 (a) The commissioners court of each county may set reasonable fees to be charged by the offices of sheriffs and constables.
 (b) A commissioners court may not set fees higher than is necessary to pay the expenses of providing the services.
In view of the repeal of article 3933a and the enactment of article 3926a to allow a commissioners court to set `reasonable fees . . . for services by the offices of sheriffs and constables,' we must conclude that a Harris County constable is now entitled to charge the Industrial Accident Board fees for serving subpoenas issued by the board, provided the commissioners court of Harris County so authorizes. Attorney General OpinionMW-209 is overruled to the extent of conflict.
 SUMMARY
Pursuant to article 3926a, V.T.C.S., and the repeal of article 3933a, V.T.C.S., a Harris County constable is entitled to charge the Industrial Accident Board fees for serving subpoenas issued by the board, provided the commissioners court of Harris County so authorizes.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General